IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No.  SA-13-CV-00473-XR |
| WATTS, GUERRA, L.L.P., | § § § | |
| *Defendant*. | § § | |

## ORDER

On this date, the Court considered Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for *forum non conveniens* to enforce a forum-selection clause.  Doc. No. 17.   After careful consideration, the motion to dismiss for *forum non conveniens* is GRANTED.

## BACKGROUND

This case arises out of *pro se* Plaintiff Ronald Satish Emrit's former attorney-client relationship with Defendant law firm, Watts, Guerra, LLP.   Plaintiff alleges that he signed a Legal Representation Agreement ("LRA") to have Defendant represent him in a class action lawsuit against TransUnion LLC.[1]   Doc. No. 1 ¶ 16.   Sometime during the fall of 2012, Plaintiff claims he received a settlement check from Defendant for $200 as a result of his litigation against TransUnion.  *Id.* ¶ 17.   Plaintiff asserts that he was "not pleased with the amount of the settlement check," and was consequently doubtful that his attorney had acted as

---

[1] Defendant contends that Plaintiff actually retained Defendant as counsel when he elected to file an individual post-settlement claim against TransUnion LLC. Doc. No. 17.  Resolution of this factual question is immaterial to the present motion.

1

a "zealous advocate" on his behalf. *Id.* ¶ 18.  Plaintiff alleges that TransUnion's illegal conduct damaged his credit score, which in turn prevents him from "tak[ing] out a mortgage on a house, buy[ing] or leas[ing] a car…, rent[ing] an apartment without a co-signor, [and obtaining a] security clearance with the federal government or government contractor."  *Id.* ¶ 36.  The instant lawsuit is based on Plaintiff's contention that Defendant failed to meet its "responsibility of making the plaintiff whole by … offsetting [these] negative consequences."  *Id.*

Plaintiff, who evidently has a lengthy history of filing *pro se* lawsuits, filed an Original Complaint in this Court on May 19, 2014.  Doc. No. 5.  Therein, Plaintiff alleges causes of action for: (1) legal malpractice; (2) conversion; (3) intentional infliction of emotional distress; (4) tortious interference with business relations; (5) civil fraud; (6) tortious interference with family relations; (7) breach of contract; and (8) breach of fiduciary duty.  *Id.*  Plaintiff seeks $750,000 in pecuniary damages, liquidated damages, specific performance, and injunctive relief.[2]  *Id.*  On July 1, the Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis*, noting that Plaintiff qualified financially for such status.[3]  Doc. No. 13.  On July 25, 2014, Defendant filed this motion to dismiss.  Doc. No. 17.  Plaintiff filed his response on August 4, 2014.  Doc. No. 18.

## ANALYSIS

In this case, Defendant seeks to enforce a forum-selection clause contained in the LRA. The LRA provides in pertinent part that, "the exclusive jurisdiction and venue for any dispute

---

[2] In addition to his Complaint, Plaintiff filed separate motions for a declaratory judgment, a preliminary injunction, summary judgment, to "subpoena witnesses" and, to "compel discovery."  *See* Docs Nos. 3-8.  The Court denied these motions as premature.  Doc. No. 9.

[3] The Magistrate Judge did not consider whether Plaintiff's claims were frivolous. *See* 28 U.S.C. § 1915 (providing that IFP can be denied on frivolous claims).

in connection with this Agreement shall be one of the Texas State District Courts located in San Antonio, Bexar County, Texas." Doc. No. 17, Ex. 2. The Supreme Court's recent decision in *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013), guides this Court's analysis of the forum-selection clause at issue in this case. In *Atlantic Marine*, the Court noted that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* at 580. However, the Court also held that, unlike in a traditional *forum non conveniens* analysis, the presence of a valid forum-selection clause means that district courts should "not consider arguments about the parties' private interests." *Id.* at 582.[4] Instead, "a district court may consider arguments about public-interest factors only." *Id.* Finally, the Supreme Court reaffirmed the principle that "forum-selection clauses should control except in unusual cases," and that "such cases will not be common." *Id.*[5]

It is well settled that a forum-selection clause is considered "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 F.App'x. 612, 615 (5th Cir. 2007) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)) (internal quotation marks omitted). Moreover, to show that a forum selection clause in unreasonable a plaintiff must prove: "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave

---

[4] The logic is that the parties have chosen to express their private interests through the forum-selection clause.
[5] The forum-selection clause at issue in *Atlantic Marine* pointed to a federal forum. Consequently, the Court noted that 28 U.S.C. §1406 should provide the analytical framework in that case. As noted, however, the Court was clear that the same analysis applies to forum-selection clauses that point to state courts even though the common law doctrine of *forum non conveniens*, and not its statutory codification in § 1406, technically applies in such circumstances. Stated more plainly, there is no doubt that *Atlantic Marine* controls the outcome of this case.

inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Id.*

Assuming, for the sake of argument, that these factors all remain relevant post-*Atlantic Marine,* Plaintiff has neither alleged nor shown that the forum-selection clause contained in the LRA is unenforceable. In fact, by asserting a cause of action for breach of contract, Plaintiff necessarily implies his belief that the LRA is enforceable. With respect to the forum-selection clause itself, Plaintiff does not allege that its inclusion in the LRA was "a product of fraud or overreaching." Moreover, Plaintiff, who is not a Texas resident, will be no more inconvenienced by a proceeding in state court in San Antonio than he would be by a proceeding here in federal court here. In either forum, Texas law would be likely to govern the dispute. Finally, enforcement of the forum-selection clause would not contravene Texas's public policy. On the contrary, it would permit state law claims to be adjudicated by the state courts in accordance with basic principles of comity and federalism. Accordingly, the Court finds that the parties have agreed to a valid forum-selection clause and that, therefore, the case should be dismissed on *forum non conveniens* grounds.

## CONCLUSION

In light of the foregoing analysis, the motion to dismiss is GRANTED. Doc. No. 17. The case is DISMISSED WITHOUT PREJUDICE.[6]

---

[6] Dismissal without prejudice the appropriate remedy here because there is no mechanism by which to transfer the case to state court. This case was not removed from state to federal court and so the case cannot be remanded.

SIGNED this 13th day of August, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE